IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COBY WARREN,

       Petitioner,

v.                                                                        CIV 07-1195 MCA/KBM

JAN GARTMAN, Warden, et al.,

       Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      The Magistrate Judge filed her Proposed Findings and Recommended Disposition on March 21, 2008, and gave Petitioner a generous extension within which to file objections. *See Docs. 23-25.* I have reviewed Petitioner's objections and multiple attachments *de novo* and reject them for several reasons. *See Doc. 26.*

      First, this Court will not entertain new claims raised in objections. *See, e.g., United States v. Garfinkle,* 261 F.3d 1030, 1032 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."); *Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996) (same).

      Second, federal rules of criminal procedure are not binding on state courts

and do not provide the applicable constitutional standards governing habeas review. *See, e.g., Miles v. Dorsey,* 61 F.3d 1459, 1467 (10th Cir. 1995) ("Rule 11 only sets the standard for federal courts; it does not necessarily establish a constitutional prohibition [applicable in state courts]. . . . We review the validity of this state court plea bargain only to determine if Petitioner's federal constitutional rights were violated. . . . The only constitutionally-based determinant of the validity of a state plea is the due process clause of the federal constitution.") (internal quotations and citations omitted), *cert. denied,* 516 U.S. 1062 (1996).

Third, violations of state rules of criminal procedure are not cognizable grounds for habeas relief. *See, e.g., Estelle v. McGuire,* 502 U.S. 62, 67-68(1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'. . . Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (citations omitted).

Finally, the remainder of the objections either reiterate other matters already correctly addressed by the Magistrate Judge, or misapprehend the state proceedings

and proposed findings, or are otherwise without merit.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition *(Doc. 23)* is ADOPTED;

2. Petitioner's motion to consider the entire petition *(Doc. 19)* is GRANTED, and his earlier motion to voluntarily dismiss Claims 7 - 9 *(Doc. 18)* is STRICKEN;

3. Petitioner's motion to dismiss Respondents' Response *(Doc. 17)* is DENIED;

4. Petitioner's motion for "injunctive" relief *(Doc. 7)* is DENIED;

5. Petitioner's motion for "bail" *(Doc. 12)* is DENIED;

6. Petitioner's motion for appointment of counsel *(Doc. 6)* is DENIED;

7. The § 2254 petition *(Doc. 1)* is DENIED; and

8. A final order enter concurrently herewith.

SO ORDERED this 30th day of June, 2008.

_____
M. CHRISTINA ARMIJO
United States District Judge